Filed 1/18/23  P. v. Taylor CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERRICK TAYLOR,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B305964, B308322<br>(Super. Ct. No. NA074807)<br>(Los Angeles County) |

Derrick Taylor appeals an order denying his petition for resentencing pursuant to former Penal Code section 1170.95 (renumbered section 1172.6 without substantive change).[1]  We reverse the order and remand for an evidentiary hearing pursuant to section 1172.6.  (*People v. Strong* (2022) 13 Cal.5th

---

[1] All statutory references are to the Penal Code.

698, 717-718 [true finding on a felony-murder special-circumstance allegation rendered prior to *People v. Clark* (2016) 63 Cal.4th 522 and *People v. Banks* (2015) 61 Cal.4th 788 does not preclude petitioner from showing eligibility for section 1172.6 relief].)

*FACTUAL AND PROCEDURAL HISTORY*

Taylor's resentencing petition concerned his 2011 conviction of first degree murder (count 1) and burglary (count 2), with findings of: 1) special-circumstance murder committed during a burglary; 2) participation in a crime to benefit a criminal street gang; and 3) discharge of a firearm by a principal during commission of the crimes causing death. (§§ 187, subd. (a), 189, 459, 190.2, subd. (a)(17), 186.22, subd. (b)(4), 12022.53, subds. (b)-(e).) The trial court sentenced Taylor for the murder conviction to life without the possibility of parole, plus a consecutive term of 35 years to life in part for the principal firearm use enhancement. Sentences on a remaining count and enhancements were imposed but stayed pursuant to section 654. Taylor appealed. We modified the judgment to award additional presentence custody credit, but otherwise affirmed. (*People v. Taylor* (Nov. 29, 2012, B233797) [nonpub. opn.].)

On January 30, 2020, Taylor filed a section 1172.6 petition for resentencing alleging that his murder conviction rested upon the felony murder or the natural and probable consequences doctrines and that he was not the actual killer. The trial court denied the petition without appointing counsel or requesting briefing based upon a belief that Taylor was the actual killer. Taylor filed this appeal and challenges the decision.

While Taylor's appeal was pending, the trial court issued a revised memorandum of decision. This decision concluded that

2

although Taylor was not "the direct shooter," judicial precedent permitted the court to summarily deny a resentencing motion if a jury found the defendant guilty of a special circumstance.[2]

*Summary of Trial Evidence*

In the late evening of October 26, 2006, Derrick Taylor, Jarrett Myers, and Vincent Smith, entrenched gang members of the "Santana Blocc Crips" criminal street gang, went to the residence of drug dealer John Ibrahim to obtain marijuana and cash. The gang members believed that Ibrahim was then vacationing in Hawaii. When they arrived at the residence, however, they saw that Ibrahim was present.

Smith then retrieved a firearm to carry out their plan. The gang members developed a ruse to lure Ibrahim outside. When Ibrahim was outside, Taylor and Smith went inside to search for drugs. Ibrahim returned to his residence unexpectedly, however, and a gun battle ensued. Ibrahim shot Smith in the neck but Smith shot Ibrahim three times, twice in the back. Ibrahim died in the bushes outside his residence. Neither Taylor nor his codefendants sought help for Ibrahim.

Taylor gave statements to police officers stating that he was unaware that Smith was armed and that the group went to Ibrahim's home believing that he was absent. The gang members devised a plan to lure Ibrahim outside, but when he returned quickly and found the men inside his home, a gun battle ensued.

---

[2] Although the trial court lacked jurisdiction to issue a revised decision because Taylor had already filed a notice of appeal, we discuss Taylor's special circumstance argument *post* for the benefit of the court and the parties on remand.

Codefendants Smith and Taylor received separate trials. Each defendant claimed that the other was armed and shot Ibrahim.

Taylor appeals the denial of his petition for resentencing.

*DISCUSSION*

Taylor argues that the trial court erred by denying resentencing because his felony-murder special-circumstance conviction does not necessarily render him ineligible for section 1172.6 relief. He adds that the court erred by fact-finding that he was the actual killer. The Attorney General concedes this point.

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" (*id.*, subd. (a)) to challenge his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (*Id.*, subd. (c).) This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction, however, based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

Recently, our Supreme Court held that a special-circumstance finding made prior to *People v. Banks*, *supra*, 61 Cal.4th 788, and *People v. Clark*, *supra*, 63 Cal.4th 522, does not warrant summary denial of a section 1172.6 petition. (*People v. Strong*, *supra*, 13 Cal.5th 698, 720.) Instead, the matter must proceed to an evidentiary hearing. (*Ibid.*) *Strong* concluded that

4

"[f]indings issued by a jury before *Banks* and *Clark*" are not preclusive and "do not preclude a defendant from making out a prima facie case for relief." (*Id.* at p. 710; *id.* at pp. 716-717.) *Strong* reasoned that *Banks* and *Clark* "substantially clarified" and narrowed the terms "major participant" and "reckless indifference." (*Id.* at p. 721.) Moreover, *Strong* held that it is inappropriate for any court to evaluate whether substantial evidence supports the jury's pre-*Banks* and pre-*Clark* finding if the evidence is viewed through the narrowed *Banks* and *Clark* prisms. (*Id.* at pp. 719-720.)

Here, Taylor's special-circumstance finding was made prior to the decisions in *Banks* and *Clark*. Taylor is entitled to an evidentiary hearing pursuant to section 1172.6. (*People v. Strong, supra,* 13 Cal.5th 698, 720.)

*DISPOSITION*

The order denying the petition for resentencing is reversed, and the matter is remanded to the trial court to appoint counsel, issue an order to show cause, and conduct an evidentiary hearing pursuant to section 1172.6.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

5

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

Spolin Law, Aaron Spolin for Defendant and Appellant.
Rob Bonta, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Amanda V. Lopez and David W. Williams,
Deputy Attorneys General, for Plaintiff and Respondent